IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**KEITH TAYLOR,**

      Petitioner,

v.                     **CIVIL ACTION NO. 5:23-CV-316**
                             Judge Bailey

**WARDEN LOVETT,**

      Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On October 10, 2023, the *pro se* petitioner, Keith Taylor, ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. Petitioner is a federal inmate who is housed at USP Hazelton in Bruceton Mills, West Virginia, and is challenging his custody classification. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

### II. BACKGROUND [1]

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. *See **United States v. Taylor***, 9:14-CR-80048-DMM-1 (S.D. Fla. 2014). ***Philips v. Pitt Cnty. Mem. Hosp.***, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v. Coil***, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

1

A.     **Conviction and Sentence**

On February 28, 2014, petitioner was charged via criminal complaint in the Southern District of Florida with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g).  On April 1, 2014, a superseding indictment was filed charging petitioner with: Count One, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); Count Two, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and Count Three, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  Following a jury trial, petitioner was found guilty of Counts One and Two and not guilty of Count Three.  On September 3, 2014, petitioner was sentenced to a total term of 276 months imprisonment.  According to the Bureau of Prison's ("BOP") website, the petitioner's **projected** release date, via good conduct time, is January 6, 2034.

B.     **The Instant Petition for Habeas Corpus Under § 2241**

In his petition, petitioner challenges the BOP's calculation of his male custody classification scoring.  Petitioner alleges that his custody classification includes one point applied to "escape history" due to a juvenile escape conviction for which adjudication was withheld and "all the records have been purged."  [Doc. 1 at 5–6].  He further states that the Unit Team has told him that as an alternative to counting the escape conviction, two convictions for failure to appear, which are listed in his Presentence Investigation Report, can be applied to his score.  [Id. at 7].  Petitioner argues that either calculation is in violation of BOP's policies.  For relief, petitioner asks the Court to recalculate his custody classification points, including the permanent removal of one point for the "history of escapes and attempts," deny any future attempts by the BOP to apply the point, and to redesignate his security level to a medium security facility.

2

### III.    LEGAL STANDARDS

A.    **Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.    **Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990).  As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

### IV. ANALYSIS

Petitioner's claims are not cognizable under 28 U.S.C. § 2241.  A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement.  **Preiser v. Rodriguez**, 411 U.S. 475, 498–499 (1973).  "[I]mmediate release or speedier release

from [ ] confinement [is] the heart of habeas corpus." *Id*. at 498. Here, petitioner does not challenge the fact or length of his confinement, but only the BOP's calculation of his classification, and, by extension, the BOP's determination of his place of imprisonment.

To the extent petitioner claims the BOP is improperly calculating his custody classification, such a claim is not cognizable in a habeas petition. *See* **Levi v. Ebbert**, 353 F.App'x 681, 682 (3d Cir. 2009) ("Claims concerning the determination of [a prisoner's] custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition"). Numerous district courts within the Fourth Circuit, including this one, have noted or applied this principle. **Sappleton v. Hogsten**, No. 1:11-00552, 2014 WL 2565547, at *1 (S.D. W.Va. June 6, 2014) (construing § 2241 petition challenging custody classification as a complaint pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**, 403 U.S. 388 (1971), and dismissing it for failure to state a claim); **Rodriguez v. Cruz**, No. 9:12-2154, 2013 WL 2416321, at *4 (D.S.C. June 3, 2013) (reasoning that a § 2241 habeas petition is not the proper avenue for challenging a prisoner's security or custody classification); **Moore v. Driver**, Civil Action No. 1:07cv166, 2008 WL 4661478 at *8 (N.D. W.Va. Oct. 21, 2008 (same).

Likewise, to the extent the petition seeks relief in the form of transfer to a lower security level facility, such claim is likewise outside the scope of § 2241. The Fourth Circuit has held that a petitioner's "claim seeking to have the BOP reconsider where he is being housed is one that would not fall within the scope of habeas corpus." **Wilborn v. Mansukhani**, 795 F. App'x 157, 164 (4th Cir. 2019). Further, in **Rodriguez v. Ratledge**, 715 F. App'x 261, 266 (4th Cir. 2017), the Fourth Circuit found a petitioner's challenge to his transfer to higher security institution "was not a cognizable 2241 claim, because this petition challenges the conditions of his confinement, not its fact or duration."

4

Other Courts of Appeal have similarly held that prisoners have no constitutional right to placement in any particular institution or custody classification. **Neal v. Shimoda**, 131 F.3d 818, 828 (9th Cir.1997) ("[A] prisoner does not have a constitutional right to be housed at a particular institution, ..., [or] to receive a particular security classification....") (citing **Meachum v. Fano**, 427 U.S. 215, 224 (1976), **Moody v. Daggett**, 429 U.S. 78, 87 n.9, (1976); **Neals v. Norwood**, 59 F.3d 530, 533 (5th Cir. 1995) ("[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation.") (citing **Wilson v. Budney**, 976 F.2d 957 (5th Cir. 1992)).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); **Thomas v. Arn**, 474 U.S. 140 (1985);

*Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  November 2, 2023.

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE